JUDE G. GRAVOIS, Judge.
UThe defendant, Brett J. Ballew, was charged with possession of heroin in violation of LSA-R.S. 40:966 C. On January 13, 2011, defendant’s case was tried before a 12-person jury which found defendant guilty of attempted possession of heroin. On February 4, 2011, defendant’s motion for new trial was denied and he was sentenced to imprisonment at hard labor for two years; the sentence was suspended and defendant was placed on active probation for two years. Also on that date, defendant filed a timely motion for appeal which was granted. For the following reasons, defendant’s conviction is affirmed, and this matter is remanded to the trial court for the limited purpose of correcting the commitment.

FACTS

At trial, Louisiana State Trooper Gus-tave Bethea testified that on June 20, 2010, at approximately 12:50 a.m., he was on patrol on U.S. Highway 90 in Gretna, LA, when he observed a vehicle next to him in which the driver and the front seat passenger were not wearing their seat belts. Trooper Bethea then | ^maneuvered behind the vehicle, activated his overhead lights, and signaled for the driver to pull over. The driver pulled into an empty parking lot. Trooper Bethea then ordered the driver to exit the vehicle and meet him at the rear of the vehicle. The driver complied with that order. Trooper Bethea asked the driver for his identification, insurance, and registration papers. Trooper Bethea then explained that as he and the driver approached the vehicle on the passenger side to obtain the insurance and registration papers, he saw a rear seat passenger, whom he later identified as defendant. Trooper Bethea testified that he was concerned for his safety because defendant was hunched over, his hands were not visible, and his eyes and his face were “pointing to something.” Trooper Bethea recalled that there was some sort of movement going on, and that when defendant noticed that he was standing outside the vehicle next to him, defendant appeared startled. At that point, defendant “kind of popped up” quickly and looked left to right as if he was checking the surrounding area. Trooper Bethea testified that he could see that defendant was sweating, noting that there was a “glossiness” to his face, and that his eyes were wide open with a “deer in a headlight” look.
Trooper Bethea testified that because he was unsure what defendant was doing, or whether he was hiding something or pulling something out, he ordered all occupants to exit the vehicle. They complied. Trooper Bethea then asked the driver if he could search the vehicle, and the driver replied affirmatively. During his search of the vehicle, Trooper Bethea saw a black toolbox on the back seat on top of which was a small plastic bag with white powder in it. Trooper Bethea testified that based on his experience, he thought the substance was cocaine. Officers from the Gretna Police Department responded to his request for assistance. Upon their arrival, Trooper Bethea handcuffed all the occupants and recovered the plastic bag containing the white powder. He asked the occupants if ^anyone claimed ownership of the contraband, but no one responded. After putting the contraband in the trunk of his vehicle, Trooper Bethea returned to the group of occupants, at *252 which time defendant admitted to ownership of the white powdered substance. Defendant was arrested and transported to lockup. The other two occupants were released.
Shawn Kazmir, a forensic chemist with the Louisiana State Police crime lab, was qualified as an expert in the field of forensic chemical analysis. She testified that the substance recovered from the vehicle tested positive for heroin and negative for cocaine.
After the State rested its case, defendant testified that on the date in question, his car broke down, and a friend of his brother, Andrew Barbazon, gave him and defendant’s cousin, Enis Cheramie, a ride home. Defendant explained that before he got into the car, he asked Barbazon if he had “anything” on him because Barbazon was known for being a drug addict. Bar-bazon replied negatively. Defendant testified that when Barbazon realized that the trooper was pulling them over, Barbazon started “freaking out.” Defendant testified that he asked Barbazon what was wrong, and Barbazon admitted that he had a bag of “dope” on him. Defendant testified that Barbazon then threw the bag in the back seat as the trooper was walking up to the car. Defendant testified that the trooper pulled them out of the vehicle and handcuffed them. Defendant testified that his hands never left his lap when he was sitting in the car. When the trooper asked Barbazon if he could search the car, Bar-bazon replied that he would rather him not. Defendant recalled that at one point, Barbazon was crying, saying that the Navy would not take him now. At trial, defendant testified that he did not tell the trooper that the drugs were his, the drugs did not belong to him, and he did not know the drugs were there before Barbazon threw them in the back seat. On cross-examination, defendant | r,admitted that he signed an evidence property receipt for a clear plastic bag containing a white powdered substance believed to be cocaine; however, he explained that the document had no writing on it when he signed it.
Enis Cheramie testified similarly to defendant. He explained that before they got in the car, defendant asked Barbazon if he had any illegal substances in the car because defendant, his cousin, had prior convictions and wanted no more. Chera-mie also testified that when the police pulled them over, Barbazon reached into an ashtray or center console, grabbed something, and threw it over his shoulder. Cheramie could not see exactly what the object was. When Cheramie asked the driver why he did that, Barbazon said he panicked. Cheramie testified that the officer searched the car and produced a bag of something. When the officer asked whose it was, they all denied ownership. Chera-mie recalled that Barbazon stood behind his car crying asking defendant and Cher-amie to help him out, but they refused. On cross-examination, Cheramie testified that he did not tell the trooper that Barba-zon had thrown something over his shoulder when they were pulled over.
ASSIGNMENT OF ERROR — Sufficiency of the evidence
In his sole assignment of error, defendant argues that the evidence was insufficient to support the verdict. He contends that the evidence showed that the narcotics were in possession of the driver of the vehicle, who threw the contraband into the back seat as the trooper approached. Additionally, defendant notes that the small bag containing the narcotics was found in plain view on top of a tool box and was not hidden. He asserts that it was more reasonable to conclude that his nervous behavior upon the approach of the trooper was his fearful and innocent reaction to what the driver had just tossed into *253 the back seat, rather than that he | ^placed the narcotics in the precise spot where they would be most noticed by the trooper.
The State responds that the evidence was sufficient to support the charged offense, and therefore, it was sufficient to support the responsive verdict of attempted possession of heroin. It argues that a rational trier of fact could have reasonably inferred that defendant exercised dominion and control over the heroin and therefore that he possessed it. The State notes that the heroin was located in the back seat where defendant was seated, and that defendant admitted to the trooper that the heroin was his.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In cases involving circumstantial evidence, the trial court must instruct the jury that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” LSA-R.S. 15:438. The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events; rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 83.
In this case, defendant was charged with possession of heroin, but found guilty of the responsive verdict of attempted possession of heroin, in violation of |7LSA-R.S. 14:27 and R.S. 40:966 C. To convict a defendant for possession of heroin under LSA-R.S. 40:966 C, the State must prove beyond a reasonable doubt that defendant was in possession of the heroin and that he knowingly or intentionally possessed the heroin. LSA-R.S. 14:27 A provides: “any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.” Specific intent is a state of mind and, as such, need not be proven as a fact, but may be inferred from the circumstances and actions of the accused. State v. Davenport, 08-463, p. 7 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 449, writ denied, 09-158 (La.10/16/09), 19 So.3d 473. LSA-R.S. 14:27 C provides that an attempt is a separate but lesser grade of the intended crime.
The element of possession may be established by showing the defendant exercised either actual or constructive possession of the substance. State v. Schieffler, 00-1166 (La.App. 5 Cir. 2/13/01), 812 So.2d 7, 9, writ denied, 02-712 (La.9/13/02), 824 So.2d 1188. A person not in physical possession of a drug may have constructive possession when the drugs are under that persons dominion or control. Id.
At trial, the State presented evidence to show that defendant was in constructive possession of the heroin. Trooper Bethea testified that when he approached the vehicle, he observed defendant acting suspiciously in that he was hunched over, his hands were not visible, he was moving and sweating, he appeared startled to see the *254 officer; and he looked around to check out his surroundings. The trooper was concerned for his safety and unsure if defendant was trying to hide something or pull something out, so he ordered all occupants out |sof the vehicle. After obtaining the driver’s consent to search the vehicle, the trooper subsequently found a small bag of white powder on top of the tool box in the back seat next to where defendant had been seated. Additionally, the trooper testified that defendant admitted the bag and its contents belonged to him. Defendant took the stand and denied telling the trooper that the drugs were his, explaining that the drugs did not belong to him. Also, defendant and his cousin both insisted at trial that the driver threw the bag into the back seat as the trooper was approaching the vehicle.
After listening to the testimony of the witnesses and considering the evidence, the jury found defendant guilty of the responsive verdict of attempted possession of heroin. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness; the credibility of the witnesses will not be reweighed on appeal. State v. Rowan, 97-21, p. 7 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. For these reasons, we find that a rational trier of fact could have found that the evidence was sufficient under the Jackson standard to support a conviction of either the charged offense, possession of heroin, or the responsive verdict, attempted possession of heroin.[1] This assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals errors patent.
19First, we note that the trial judge failed to advise defendant of the time period within which to apply for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8. Accordingly, defendant is advised by way of this opinion that pursuant to LSA-C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. State v. Arias-Chavarria, 10-116, p. 13 (La.App. 5 Cir. 9/28/10), 49 So.3d 426, 434, writ denied, 10-2432 (La.2/25/11), 58 So.3d 460.
 Next, the transcript reflects that the trial judge suspended the sentence; however, the commitment indicates the sentence was deferred. Further, the commitment states that defendant pleaded guilty and that he was found guilty by a jury; however, the transcript reflects that defendant did not plead guilty but was found guilty by a jury. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Lastly, the commitment shows that defendant was found guilty on “count 1) amended charge 40:979/966C F II ATT *255 OR CONSPIRACY TO POSS A CDS (Heroin).” However, the record does not reflect that the charge was amended; rather, the transcript reflects that the jury found defendant guilty of the responsive verdict of attempted possession of heroin. Accordingly, this matter is remanded to the trial court which is ordered to amend and correct the commitment to conform to the transcript. State v. Burks, 04-1435, pp. 16-17 (La.App. 5 Cir. 5/31/05), 905 So.2d 394, 404, writ denied, 05-1696 (La.2/3/06), 922 So.2d 1176.

\,«CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed. This matter is remanded to the trial court for the limited purpose of correcting the commitment as noted above.

AFFIRMED; REMANDED WITH INSTRUCTIONS

. Additionally, when a defendant does not object to a legislatively enacted responsive verdict, the defendant’s conviction will not be reversed, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to support the offense charged. State v. Austin, 04-993, p. 13 (La.App. 5 Cir. 3/1/05), 900 So.2d 867, 878, writ denied, 05-0830 (La. 11/28/05), 916 So.2d 143. There is no indication in the record that defendant objected to the responsive verdict of attempted possession of heroin.