SUSAN M. CHEHARDY, Judge.
12Defendant George Flowers appeals his conviction and sentence for simple battery. Because defendant seeks review of his misdemeanor conviction for a crime not triable by jury, we dismiss this appeal for lack of jurisdiction.
La. Const. Art. V, § 10 states that the appellate jurisdiction of the courts of appeal extends to “all criminal cases triable by a jury [except capital cases]” and its supervisory jurisdiction exists “over cases which arise within its circuit [not otherwise provided by law].” See also, La.C.Cr.P. art. 912.1(B)(1); La.C.Cr.P. art. 912.1(C)(1). To be eligible for trial by jury, an accused must be faced with imprisonment for more than six months and/or a fíne of more than $1,000.00. La. C.Cr.P. art. 779(B).
Here, the defendant was originally charged with the felony offense of aggravated battery, in violation of La. R.S. 14:34,[1] which is triable by jury. However, after a bench trial, the trial judge found defendant guilty of the responsive verdict of simple battery, a violation of La. R.S. 14:35,[2] which is a misdemeanor offense not eligible for trial by jury. La.C.Cr.P. art. 779(B). Because this defendant was found guilty of an offense not triable by jury, this judgment is not an appealable judgment. Under La.C.Cr.P. art. 912.1(C)(1), an application for a writ of review is the proper mechanism for seeking judicial review of a conviction on an offense not triable by jury. See also, La. Const. Art. V, § 10.
Although recent panels of this Court have opted to convert matters like this, which are not subject to this Court’s appellate jurisdiction, to applications for writs of review, we decline to follow that trend in this matter.[3] Cf. State v. Tate, 09-619, p. 3 *911 (La.App. 5 Cir. 2/9/10), 38 So.3d 292, 295-96. "In an approach that we believe is more consistent with the constitutional delineation of the appellate court’s jurisdiction, we will not convert this matter to a supervisory writ application.
Accordingly, we dismiss the present appeal. State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240, 242. We reserve, however, Mr. Flowers’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within thirty days from the date of this decision. Further, we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ so Mr. Flowers is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.

APPEAL DISMISSED.

. Under La. R.S. 14:34, a conviction for aggravated battery is punishable by imprisonment with or without hard labor for up to ten years and/or a fine of $5,000.00.

. Under La. R.S. 14:35, an offender found guilty of simple battery faces no more than six months in prison nor a fine of $1,000.00.

.For many years, this Court adhered to a firm policy declining to convert improper appeals into applications for supervisory writs. State v. Fleming, 01-1370 (La.App. 5 Cir. 5/29/02), 820 So.2d 1112, 1113; State v. Chess, 00-164 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286; State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240; State v. Robinson, 97-686 (La.App. 5 Cir. 1/14/98), 707 *911 So.2d 81. Although there are instances where the interests of justice support converting improperly-filed appeals to supervisory writs, such as State v. Trepagnier, 07-749 c/w 07-750 (La.App. 5 Cir. 3/11/08), 982 So.2d 185, conversion should be the exception, not the rule as it contradicts the authority granted to appellate courts by the supreme law of this state. "The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield.” Macon v. Costa, 437 So.2d 806, 810 (La.1983).