MARC E. JOHNSON, Judge.
DThe State of Louisiana appeals the denial of a Motion to Correct Illegal Sentence from the 24th Judicial District Court, Division “G”. For the following reasons, we dismiss the appeal.
On January 20, 2011, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Jacob Schwartz, with third offense of driving while intoxicated in violation of LSA-R.S. 14:98(A)(D). That same day, Defendant was arraigned and pleaded not guilty to the charge. Subsequently, on June 13, 2011, Defendant withdrew his plea of not guilty and entered a plea of guilty. Pursuant to the plea agreement, the trial court sentenced Defendant to one year at hard labor with credit for time served and allowed him to serve the remainder of that period in home incarceration. Defendant was also ordered to pay a fine of $2,000.00, plus costs and fees associated with the home incarceration program. The court further ordered Defendant to complete 38 days of community | Sservice[1] and an evaluation by the Department of Health and Hospitals regarding alcohol abuse.
On November 9, 2011, the State filed a Motion to Correct an Illegal Sentence, in which it argued that Defendant’s sentence was illegally lenient because he was not eligible for home incarceration. On February 3, 2012, the trial court denied the motion. The State sought an appeal of this denial, which the trial court granted on February 15, 2012. The instant appeal followed.
The State appeals the trial court’s denial of its motion to correct an illegal sentence. However, courts have held that the denial of a motion to correct an illegal sentence is not an appealable judgment. State v. Hutchinson, 99-0034 (La.App. 4 Cir. 5/17/00); 764 So.2d 1139, 1140-41, writ *993 granted, 00-1767 (La.8/31/00); 766 So.2d 1267, cert. denied, Hutchinson v. Louisiana, 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001); State v. Benoit, 446 So.2d 921, 922-923 (La.App. 1 Cir.1984), writ denied, 448 So.2d 113 (La.1984). Rather, review of such a ruling is conducted via a supervisory writ application. See, State v. Reed, 11-1026 (La.App. 4 Cir. 11/30/11); 79 So.3d 492, 495; State v. Dick, 06-1381 (La.App. 1 Cir. 7/20/06); 943 So.2d 389, 390, writ granted, 06-2223 (La.9/29/06); 937 So.2d 848 and affirmed, 06-2223 (La.1/26/07); 951 So.2d 124.
It is the policy of this Court that an improperly filed appeal be converted to a writ application if the panel considering the case determines that the interest of justice demands it. State v. Tate, 09-619 (La.App. 5 Cir. 2/9/10); 33 So.3d 292, 295-96. In Tate, the defendant appealed his conviction of possession of marijuana, a misdemeanor offense. Id., 09-619; 33 So.3d at 295. This Court determined that, under LSA-C.Cr.P. art. 912.1(C)(1), the proper procedural vehicle for the |4defendant to seek review of a misdemean- or conviction is by application for a writ of review. Id. However, because the record had been lodged and all documents necessary for review of the matter were before the court, in the interest of judicial economy and justice, this Court exercised its supervisory jurisdiction and converted the appeal to a writ application. Id., 09-619; 33 So.3d at 295-96.
In State v. Flowers, 11-376 (La.App. 5 Cir. 12/13/11); 81 So.3d 910, 910, this Court declined to convert the defendant’s appeal to a writ application. The defendant was charged with the felony offense of aggravated battery; however, after a bench trial, he was found guilty of the responsive verdict of simple battery, a misdemeanor offense. Flowers, 11-376; 81 So.3d at 910. This Court dismissed the defendant’s appeal on the ground that a misdemeanor conviction is not an appeal-able judgment. Additionally, this Court found that, under La.C.Cr.P. art. 912.1(C)(1), an application for a writ of review is the proper mechanism for seeking judicial review of such a conviction. Id., 11-376; 81 So.3d at 910. In dismissing the appeal, this Court reserved the defendant’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within 30 days from the date of the decision. Id., 11-376; 81 So.3d at 911.
In support of this conclusion, a brief summary of this Court’s history of the conversion issue was discussed:
For many years, this Court adhered to a firm policy declining to convert improper appeals into applications for supervisory writs. State v. Fleming, 01-1370 (La.App. 5 Cir. 5/29/02), 820 So.2d 1112, 1113; State v. Chess, 00-164 (La.App. 5 Cir. 6/27/00), 762 So.2d 1286; State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240; State v. Robinson, 97-686 (La.App. 5 Cir. 1/14/98), 707 So.2d 81. Although there are instances where the interests of justice support converting improperly-filed appeals to supervisory writs, such as State v. Trepagnier, 07-749 c/w 07-750 (La.App. 5 Cir. 3/11/08), 982 So.2d 185, conversion should be the exception, not the rule as it contradicts the authority granted to appellate courts by the supreme law of this state. “The constitution is the supreme law, to which all legislative acts and all ordinances, rules, and regulations of creatures | Rof the legislature must yield.” Macon v. Costa, 437 So.2d 806, 810 (La.1983).
Flowers, 11-376; 81 So.3d at 910 n. 3.
In the instant case, unlike Tate, all of the documents necessary for review of the matter are not before the court. Rather, *994 as the State acknowledges, the dates of commission for Defendant’s two prior offenses are not contained in the record. Without these dates, it cannot be determined if either of the offenses occurred within five years of the present offense, i.e., after November 17, 2005, which is a crucial factor in the analysis of this issue. Thus, on this basis, we decline to convert the State’s appeal to a writ.
DECREE
For the foregoing reasons, we dismiss the State’s appeal. However, we reserve the State’s right to file a proper application for supervisory writs, in compliance with Uniform Rules — Courts of Appeal, Rule 4-3, within thirty (30) days from the date this decision is rendered.

APPEAL DISMISSED

. It is noted that in the transcript, Defendant was sentenced to 38 days of community service, while the commitment indicates that defendant was sentenced to 30 eight-hour days of community service. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Ballew, 11-401 (La.App. 5 Cir. 11/15/11); 78 So.3d 249, 254, citing State v. Lynch, 441 So.2d 732, 734 (La.1983).