MARC E. JOHNSON, Judge.
^Defendant, Chance Lyons, seeks error patent review of seven convictions from the 24th Judicial District Court, Division *410 “H”. For the following reasons, we affirm Defendant’s convictions and sentences and deny the writ applications. Additionally, we grant appellate counsel’s Motion to Withdraw.
FACTS AND PROCEDURAL HISTORY
Defendant was charged by seven separate bills of information for various crimes ranging from felony to misdemeanor offenses. The seven cases, some arising on different days and out of different sets of facts, were ultimately all resolved by plea bargains on September 20, 2012. Defendant was sentenced on all seven matters to concurrent sentences pursuant to the plea agreements. The following facts are pertinent to the seven offenses.

13-KA-180 and 13-KA-181

On April 20, 2010, in district court case number 10-2026, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession with intent to distribute heroin, in violation of La. R.S. 40:966A. That |3same day, in district court case number 10-2028, the Jefferson Parish District Attorney filed a separate bill of information charging Defendant with four misdemeanor counts: resisting an officer, in violation of La. R.S. 14:108A; battery of a police officer, in violation of La. R.S. 14:34.2; possession of drug paraphernalia, in violation of La. R.S. 40:1023; and possession of marijuana, in violation of La. R.S. 40:966C. The felony and misdemeanor charges arose out of the same set of facts alleged to have occurred on April 5, 2010. Defendant pleaded not guilty to these charges on May 20, 2010. A motion to suppress statement and evidence in case number 10-2026 was heard and denied on September 8, 2010. 13-KA-182
On June 2, 2010, in district court case number 10-2795, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession of heroin, which was alleged to have occurred on May 10, 2010, in violation of La. R.S. 40:966C. Defendant was arraigned and pleaded not guilty on July 2, 2010. A motion to suppress evidence was heard and denied on September 8, 2010.

13-KA-183

On May 20, 2011, in district court case number 11-2480, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession with the intent to distribute heroin, which was alleged to have occurred on May 2, 2011, in violation of La. R.S. 40:966A. Defendant was arraigned and pleaded not guilty on June 16, 2011.

13-KA-m & 13-KA-185

On August 8, 2011, in district court case number 11-3903, the Jefferson Parish District Attorney filed a bill of information charging Defendant with misdemeanor possession of marijuana, in violation of La. R.S. 40:966C. The next day, in district court case number 11-3938, the Jefferson Parish District Attorney Lfiled a separate bill of information charging Defendant with possession with intent to distribute heroin, in violation of La. R.S. 40:966A. The felony and misdemeanor charges arose out of the same set of facts alleged to have occurred on July 14, 2011. Defendant pleaded not guilty to these charges on August 10, 2011. A motion to suppress statement and evidence in case number 11-3938 was heard and denied on August 23, 2012.

13-KA-186

On October 18,' 2011, in district court case number 11-5170, the Jefferson Parish District Attorney filed a bill of information charging Defendant with domestic abuse battery, in violation of La. R.S. 14:35.3. *411 Defendant was arraigned and pleaded not guilty on October 19, 2011.

Competency and Sentencing on all Cases

A competency hearing was conducted in these seven cases on March 21, 2012 and May 30, 2012, after which the trial court found Defendant competent to stand trial. On September 20, 2012, Defendant withdrew his former pleas of not guilty and entered a plea of guilty as charged to all counts, in all seven cases, pursuant to Alford.[1] Pursuant to the plea agreements, Defendant was sentenced as follows: 25 years imprisonment at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence for possession with intent to distribute heroin in case number 10-2026; six months in parish prison on each of the four misdemeanor counts in case number 10-2028; ten years imprisonment at hard labor for possession of heroin in case number 10-2795; 25 years imprisonment at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence for possession with intent to distribute heroin in case number 11-2480; six months in parish prison for | ^possession of marijuana in case number 11-3903; 25 years imprisonment at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence for possession with intent to distribute heroin in case number 11-3938; and six months in parish prison for domestic battery in case number 11-5170. All sentences were ordered to be served concurrently.
On October 3, 2012, the trial court granted Defendant’s Motion for Appeal in the seven cases. On March 28, 2013, this Court granted defense counsel’s motion that the seven cases be consolidated for appeal. Appointed appellant counsel has now filed an Anders brief addressing each of these seven consolidated cases pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam).
ASSIGNMENTS OF ERROR
In his Anders brief, Defendant requests that this Court perform an error patent review of the record and reverse his convictions.
LAW AND ANALYSIS

Jurisdictional Posture

This Court’s appellate jurisdiction extends only to cases that are triable by a jury. State v. Chess, 00-164 (La.App. 5 Cir. 6/27/00); 762 So.2d 1286, 1287 (citing La. Const, of 1974, art. 5 § 10; La.C.Cr.P. art. 912.1). Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury. Chess, 762 So.2d at 1287 (citing La. Const, of 1974, art. 1 § 17; La.C.Cr.P. art. 779;[2] State v. Robinson, 94-864 (La.App. 5 Cir. 3/15/95); 653 So.2d 669, 670).
IfiWhen misdemeanor offenses are charged by separate bills of information and the aggregate penalty of the offenses exceeds six months imprisonment or a fine of $1,000.00, the defendant is entitled to a jury trial. State v. Armant, 02-907, (La.App. 5 Cir. 1/28/03); 839 So.2d 271, 279 *412 (citing State v. Homung, 620 So.2d 816, 817 (La.1993) (per curiam)).
However, when the State charges a defendant with two or more misdemeanors in a single bill of information or indictment, La. C.Cr.P. art. 498.1 [3] limits the maximum aggregate penalty that may be imposed for all of the misdemeanors to six months of imprisonment or a fine of one thousand dollars, or both. Chess, 762 So.2d at 1287. As such, when two or more misdemeanors are joined in a single bill of information, the case is not triable by a jury. Chess, 762 So.2d at 1287-88 (citing Homung, supra).
Here, three of the seven cases are comprised of misdemeanor offenses. On April 20, 2010, Defendant was charged in a single bill of information with four misdemeanors in case number 10-2028, for crimes alleged to have occurred on April 5, 2010. Because these three misdemeanors were joined in a single bill of information, the maximum aggregate penalty was limited to six months imprisonment or a fíne of one thousand dollars, or both.
Also, on August 8, 2011, Defendant was charged in a single bill of information with one count of simple possession of marijuana alleged to have occurred on July 14, 2011, in case number 11-3903. On October 18, 2011, Defendant was charged in a single bill of information with one count of domestic battery alleged to have occurred on April 19, 2011, in case number 11-5170. The maximum penalty Defendant could have received for each of these two offenses |7was also limited to six months imprisonment or a fíne of one thousand dollars, or both, meaning Defendant’s misdemeanor charges were not triable by a jury.
The proper procedure for seeking review of a misdemeanor conviction is an application for writ of review directed to this Court to exercise its supervisory jurisdiction, and not an appeal. See La. C.Cr.P. art. 912.1(C)(1). This Court’s most recent policy is to avoid converting matters that are improperly filed as appeals to writ applications. See State v. Fleming, 01-1370 (La.App. 5 Cir. 5/29/02); 820 So.2d 1112, 1113; Chess, supra; State v. Suthon, 99-661 (La.App. 5 Cir. 10/29/99); 746 So.2d 240; State v. Robinson, 97-686 (La.App. 5 Cir. 1/14/98); 707 So.2d 81. However, this Court typically makes an exception if the interests of justice would be better served by converting the filing to a writ application. See State v. Tate, 09-619 (La.App. 5 Cir. 2/9/10); 33 So.3d 292, 295-96. Conversion of appeals to writ applications should be the exception, not the rule, “as it contradicts the authority granted to appellate courts by the supreme law for this state.” State v. Flowers, 11-376 (La.App. 5 Cir. 12/13/11); 81 So.3d 910, 910 n. 3.
In this case, the facts of the misdemeanor and felony convictions in case numbers 10-2026 and 10-2028, and 11-3903 and 11-3938 are intertwined to the point that the interest of justice would be better served by considering the matters together. Additionally, although Defendant’s domestic battery conviction in case number 11-5170 is unrelated to any of Defendant’s other convictions, all seven cases were ultimately grouped together in the trial court where Defendant’s guilty plea hearing and sentencing occurred simultaneously. Since this Court will be *413 reviewing the same issues (with the exception of sentencing) in Defendant’s felony appeals, judicial economy dictates us to consider these matters together.
| ^Accordingly, we convert the appeals listed as 13-KA-0181, 13-KA-184 and 13-KA-186 to writ applications. These writ applications will be reviewed along with the remaining consolidated appeals before us.

Anders Brief

In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.'[4] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
InWhen conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In his brief, Defendant’s appellate counsel provides a thorough procedural history of the seven consolidated cases. He also provides an extensive discussion of the pre-trial rulings made in this case. Counsel specifically asserts that the hearings on the motions to suppress statement and evidence conducted in case numbers 10-2026, 10-2028, 10-2795, 11-3903, and 11-3938 established that in each case, the officers had reasonable suspicion and/or the probable cause necessary to approach, detain, and ultimately conduct the searches at issue. Thus, in each case, counsel contends that the trial court did not abuse its discretion when it denied Defendant’s motions to suppress. Counsel also concludes that the trial court properly found Defendant competent to stand trial based on the recommendation of Drs. *414 Richard Richoux and Raphael Salcedo, where Defendant presented no countervailing evidence. Counsel further explains that the evidence alleged appears to have been sufficient to support verdicts of guilty as charged had the matters been taken to trial. Thus, after a detailed review of the record, including the bills of information, minute entries, plea forms and accompanying colloquies, and the sentences, he concludes that there are no non-frivolous issues to raise on appeal.
hnAlong with his brief, appellate counsel has filed a motion to withdraw as attorney of record which states that he is of the opinion that an appeal would be wholly frivolous for the reasons stated in his brief, and that Defendant has been provided with a copy of his Anders brief and a pro se briefing notice. Additionally, this Court sent Defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until April 28, 2013, to file a pro se supplemental brief. Defendant has not filed a supplemental pro se brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bills of information in these cases properly charged Defendant and present no non-frivolous issues supporting an appeal. As required, they plainly, concisely, and definitely state the essential facts constituting the offenses charged. They also sufficiently identify Defendant and the crimes charged. See generally La.C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitments, Defendant appeared at each stage of the proceedings against him. He attended his arraignments, his guilty pleas, and his sentencing. As such, Defendant’s presence does not present any issue that would support an appeal.
Further, Defendant pleaded guilty as charged to three charges of possession with intent to distribute heroin, two charges of simple possession of marijuana, possession of heroin, resisting an officer, battery of a police officer, possession of drug paraphernalia, and domestic abuse battery. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea proceedings and precludes review of such defects either by appeal or post-conviction relief. State v. WingeHer, 05-697 (La.App. 5 Cir. 3/14/06); 926 So.2d 662, 664. Defendant filed several pre-trial motions, including motions to |n suppress statement and evidence.[5] Although the trial court denied Defendant’s motions to suppress statement and evidence, Defendant did not preserve these rulings, or any other rulings, for appellate review under the holding in State v. Crosby, 338 So.2d 584 (La.1976).[6]
Defendant pleaded guilty pursuant to North Carolina v. Alford, supra, which requires the establishment of a factual basis for the plea when a defendant protests that he is innocent. When a defendant pleads guilty under Alford, constitutional due process requires that the record contain strong evidence of actual guilt.
*415 State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06); 924 So.2d 1120,1123.
Here, the prosecutor offered a factual basis for the pleas, to which defense counsel stipulated. Moreover, the record in this matter, which includes the suppression hearing transcripts in case numbers 10-2026 and 10-2028, 10-2795, and 11-3938, contains strong evidence of Defendant’s actual guilt.[7] Accordingly, there is a sufficient factual basis for the Alford pleas; and therefore, this does not present an issue that should have been raised on appeal.
We also note that the record contains a ruling by the trial judge finding Defendant competent to stand trial. At the competency hearing held on March 21, 2012, Dr. Richoux, an expert in forensic psychiatry, testified that he and Dr. Salcedo performed a competency evaluation of Defendant. Pursuant to their examination, he and Dr. Salcedo issued a joint report in which they agreed that Defendant met the Bennett[8] criteria. Dr. Richoux testified that they were of the opinion that Defendant appeared to fully comprehend his circumstances and did l12not appear to be suffering from any mental disease or defect which prevented him in any way from understanding the proceedings or from being able to assist counsel. Thus, based on their examination, it was their recommendation to the court that Defendant be found competent to stand trial.
After cross-examining Dr. Richoux, defense counsel requested that the matter remain open for the purpose of calling a defense expert on the issue of Defendant’s competency. The matter was continued to March 30, 2012, at which time defense counsel stated that he had no additional witnesses or psychiatric/psychological reports that he could tender in support of his position that Defendant was incompetent to stand trial. Given the lack of countervailing evidence, the trial court accepted the recommendation of Drs. Richoux and Salcedo and found Defendant competent to stand trial.
As previously noted, Defendant did not reserve his right to appeal his convictions pursuant to Crosby, supra. Thus, Defendant’s guilty plea waived his right to challenge the merits of the State’s case, including his competency to stand trial.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. McCoil, 924 So.2d at 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
|iSOn September 20, 2012, the trial court conducted two Boykin colloquies with Defendant.[9] The record reveals Defendant was aware during these examinations that he was pleading guilty to three charges of *416 possession with intent to distribute heroin, two charges of simple possession of marijuana, possession of heroin, resisting an officer, battery of a police officer, possession of drug paraphernalia, and domestic abuse battery pursuant to North Carolina v. Alford, supra. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[10] Defendant was advised of these rights during the two colloquies with the trial judge and by means of the waiver of rights forms. Defendant indicated that he understood that he was waiving these rights. The trial judge indicated that he was accepting Defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
Defendant stated that he had not been forced, coerced, or threatened to enter his guilty pleas. He was also informed that his convictions could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future. Defendant further indicated that he understood that the State agreed not to file a habitual offender bill of information in any of the cases.
Defendant was also advised during the colloquy and by means of the waiver of rights form that he faced a possible penalty of five to fifty years imprisonment at hard labor with the first five years being without the benefit of probation, parole, or suspension of sentence for the charges of possession with intent to distribute | ^heroin; zero to six months in parish prison for the misdemeanor charges, which included his two charges for simple possession of marijuana, resisting arrest, battery of a police officer, possession of drug paraphernalia, and domestic abuse battery; and four to ten years imprisonment at hard labor for the charge of possession of heroin. Also by means of the form and during the colloquy, Defendant was informed of what his sentences would be if his guilty pleas were accepted by the court. The waiver of rights forms also suggest that Defendant understood the possible consequences of pleading guilty and wished to plead guilty. The waiver of rights forms were signed and initialed by Defendant and were also signed by his counsel and the judge.
Defendant’s sentences do not present issues for appeal. Defendant’s sentences fall within the sentencing ranges prescribed by statute. See La. R.S. 40:966A; 14:108A; 14:34.2; 40:1023; 40:966C; 14:35.3. Further, Defendant’s sentences were imposed pursuant to the plea agreements. Defendant knew what his sentences would be if he chose to plead guilty. Defendant received sentences in conformity with the agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05); 916 So.2d 1171, 1173.
Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm Defendant’s *417 convictions and sentences and deny the writ applications. Additionally, appellate counsel’s motion to withdraw as attorney of record is granted.
| nError Patent Discussion
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), regardless of whether a defendant makes such a request.
After review of the record, we do not find any error patents that require corrective action by this Court.
DECREE
For the foregoing reasons, Chance Lyons’s convictions and sentences are affirmed, and the writ applications are denied. Additionally, appellate counsel’s Motion to Withdraw is granted.

AFFIRMED; WRITS DENIED; MOTION TO WITHDRAW GRANTED

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. La.C.Cr.P. art. 779(A) provides: "A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.”

. According to La.C.Cr.P. art. 493.1, ”[w]hen-ever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both.”

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Motions to suppress statement and evidence were denied in case numbers 10-2026 and 10-2028, 10-2795, and 11-3938.

. Defendant also filed several omnibus motions in each of the seven cases. Although the record does not reflect rulings on all of these pre-trial motions, when a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05); 896 So.2d 1101, 1102.

.See also State v. Jones, 07-512 (La.App. 5 Cir. 12/27/07); 975 So.2d 21, 26-27, writ denied, 08-0325 (La.9/26/08); 992 So.2d 982, where this Court found that the evidence presented at the hearing on the motion to suppress identification demonstrated strong evidence of the defendant's actual guilt and, therefore, supported his Alford plea.

. State v. Bennett, 345 So.2d 1129 (La.1977).

. The first Boykin colloquy encompassed case numbers 11-3903 and 11-3938. The second Boykin colloquy encompassed the remainder of the cases.

. Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor offense to a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives the three Boykin rights. State v. Casse, 00-235 (La.App. 5 Cir. 10/18/00); 772 So.2d 801, 803.