JUDE G. GRAVOIS, Judge.
| .¿Defendant, Talandis Cotton, appeals his conviction for first offense domestic abuse battery, in violation of La. R.S. 14:35.3. For the following reasons, we find that defendant’s appeal is not properly before this Court, and accordingly dismiss this appeal.

PROCEDURAL HISTORY

On January 7, 2013, defendant was found guilty by a judge[1] of domestic abuse battery in violation of La. R.S. 14:35.3,[2] and was sentenced to imprisonment for sixty days, was placed on probation for six months, and was ordered to attend a domestic abuse battery prevention program. Defendant orally noticed his intent to appeal his conviction.
With no return date set by the trial court, defendant, on January 6, 2014, filed a writ application with this Court, seeking a writ of mandamus to have the |strial court ordered to rule on his notice of appeal. On February 4, 2014, this Court granted the mandamus and instructed the trial court to rule on defendant’s notice of appeal. State v. Cotton, 14-15 (La.App. 5 Cir. 2/4/14) (unpublished writ disposition).
With still no ruling from the trial court, on March 11, 2014, defendant filed another writ application with this Court stating that he had not received a ruling from the trial court setting a return date. On March 25, 2014, this Court issued an Order directing the trial court to provide a per curiam explaining why it failed to comply with this Court’s previous mandamus Order of February 4, 2014. On March 28, 2014, the trial court issued its per curiam with an explanation and set a return date *535 of April 28, 2014. Thereafter, on April 7, 2014, this Court denied defendant’s writ application as moot, acknowledging a return date had been set for April 28, 2014. State v. Cotton, 14-173 (La.App. 5 Cir. 4/7/14) (unpublished writ disposition).
On April 21, 2014, defendant filed a “Petition for Supervisory Writ and for Writ of Mandamus” with this Court, seeking supervisory review of his domestic abuse battery conviction. In this writ application, defendant raised four assignments of error. In the first, defendant contended that his right against, double jeopardy was violated. In the second, he contended that the evidence was insufficient to support his conviction. In the third, he contended that his sentence was excessive. And lastly, he requested an errors patent review. This Court thereupon reviewed defendant’s assignments of error related to double jeopardy, insufficiency of the evidence, and excessive sentence and found that they were without merit. In regards to defendant’s fourth assignment of error, i. e., a request for an errors patent review, this Court found that defendant was not entitled to an errors patent review. On May 15, 2014, this Court denied defendant’s writ |4application. State v. Cotton, 14-286 (La.App. 5 Cir. 5/15/14) (unpublished writ disposition).

FACTS

On January 4, 2012, Melissa Cotton, defendant’s estranged wife, had just returned home and was proceeding throughout her house collecting garbage that needed to be taken out when she entered a darkened spare bedroom. Because Ms. Cotton had been surprised by defendant’s unannounced presence in her home before, she held a knife in her hand. As she entered the room, defendant jumped from behind a wall and wrestled her to the floor. Ms. Cotton testified that she had not given defendant permission to touch her. Pinning her to the floor, defendant told Ms. Cotton that she hurt him, that he loves her, and that she loves him. In an effort to free herself from defendant’s grasp, Ms. Cotton told him what she thought he wanted to hear, telling him that she loves him and asking him for a kiss. Defendant released Ms. Cotton and they continued talking, at which point her friend arrived at the house, knocking on the front door. Defendant stood behind Ms. Cotton as she opened the door. When her friend saw defendant, “she was scared.” Ms. Cotton gave her friend a hug, as it was her birthday, and told her to call 9-1-1, which she did. The police arrived on the scene soon thereafter.
Deputy Jay LeBlanc of the St. John the Baptist Parish Sheriffs Office was one of the officers who responded to the 9-1-1 call. When he arrived on the scene, he encountered defendant and Ms. Cotton arguing in the front yard. The officers spoke with both parties, at which point Ms. Cotton informed the officers that she had a restraining order against defendant. She also told the officers that defendant had broken into her house. Defendant disputed this, informing the officers that he had a key to the house. However, the key defendant provided to Deputy LeBlanc did not operate the lock. At this point, the officers detained defendant, conducted a | apat-down search for officer safety, and found on his person a flathead screwdriver, zip ties, and duct tape. Deputy LeBlanc noticed on the door fresh tool marks matching the screwdriver recovered from defendant’s person.

DISCUSSION OF JURISDICTIONAL ISSUE

Appellate jurisdiction extends only to cases that are triable by a jury. State v. Lyons, 13-180,13-181,13-182,13- *536 183,13-184, 13-185,13-186 (La.App. 5 Cir. 10/9/13), 128 So.3d 407, 411 (citing La. Const. Art. 5, § 10; La.C.Cr. P. art. 912.1). “Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury.” Id. (citing La. Const. Art. 1 § 17; La.C.Cr.P. art. 779).
La. R.S. 14:35.3(0 provides, in pertinent part:
On a first conviction, notwithstanding any other provision of law to the contrary, the offender shall be fined not less than three hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than six months. At least forty-eight hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
(Emphasis added.)
In the present case, as noted above, the trial judge sentenced defendant to sixty days in jail, and ordered that defendant be placed on probation for six months and attend a court approved domestic abuse battery prevention program.
In Lyons, supra, the defendant appealed his conviction for several offenses, including a conviction for domestic abuse battery, in violation of La. R.S. 14:35.3, for which he was sentenced to six months in parish prison. Id., 128 So.3d at 41CM11. This Court found that the defendant’s misdemeanor conviction for domestic abuse battery, as well as the misdemeanor conviction for one count of simple possession of marijuana, was not triable by a jury because the maximum penalty the defendant could have received for the offense was limited to six months | nimprisonment, a fine of one thousand dollars, or both. Id., 128 So.3d at 412. This Court noted that the proper procedure for seeking review of a misdemeanor conviction is an application for a writ of review directed to this Court, in order for it to exercise its supervisory jurisdiction, and not an appeal. Id. (citing La.C.Cr.P. 912.1(C)(1)). In that case, however, this Court considered the defendant’s misdemeanor and felony convictions on appeal, after finding that they were intertwined to the point that the interest of justice would be better served by considering the matters together. Id.
In the present case, based on the above, we find that this Court does not have appellate jurisdiction because the maximum term of imprisonment defendant faced was six months for the only charged offense, a misdemeanor first offense domestic abuse battery, and therefore was not triable by a jury. See Lyons, supra. Further, we find that there is no necessity for us to allow defendant time to file a writ application seeking supervisory review of his misdemeanor conviction in this case because, as noted above, this Court has already reviewed defendant’s misdemeanor conviction in this case under its supervisory jurisdiction. Accordingly, we are compelled to dismiss this appeal.

CONCLUSION

For the foregoing reasons, this appeal is hereby dismissed.

APPEAL DISMISSED

. In accordance with La.C.Cr.P. art. 779, this misdemeanor offense was required to be tried by the court without a jury.

. La. R.S. 14:35.3 defines domestic abuse battery as "the intentional use of force or violence by one household member upon the person of another household member.”