ROBERT M. MURPHY, Judge.
|2Pefendant, Bamela Koussanta, appeals his convictions for two counts of the misdemeanor offense of simple battery in violation of La. R.S. 14:35. Because defendant seeks review of his misdemeanor convictions for a crime not triable by jury, we dismiss this appeal for lack of jurisdiction.
Appellate jurisdiction extends only to cases that are triable by a jury. State v. Lyons, 13-180, 13-181, 13-182,13-183,13-184, 13-185, 13-186 (La.App. 5 Cir. 10/9/13), 128 So.3d 407, 411 (citing La. Const. Art. 5 § 10; La.C.Cr. P. art. 912.1). “Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury.” Id. (citing La. Const. Art. 1 § 17; La.C.Cr.P. art. 779).
1 sHere, defendant was found guilty of simple battery, in violation of La. R.S. 14:35. La. R.S. 14:35(B) provides that, “[wjhoever commits a simple battery shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both.” Because defendant was found guilty of a misdemeanor offense not triable by jury, this judgment is not an appealable judgment. See La.C.Cr.P. art. 779(B); State v. Flowers, 11-376 (La.App. 5 Cir. 12/13/11), 81 So.3d 910. Under La. *904 C.Cr.P. art. 912.1(C)(1), an application for a writ of review is the proper mechanism for seeking judicial review of a conviction on an offense not triable by jury, such as simple battery. See Flowers, swpra; La. Const. Art. 5 § 10.
CONCLUSION
Accordingly, we dismiss the present appeal. We reserve, however, defendant’s right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within thirty days from the date of this opinion. Further, we hereby construe defendant’s notice of appeal as a notice of intent to seek a supervisory writ, so defendant is not required to file a notice of intent or to obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.
APPEAL DISMISSED.