STEPHEN J. WINDHORST, Judge.
12Pefendant, H.N., appeals his misdemeanor adjudications for simple criminal damage to property in an amount under $500 and theft valued at under $500, and the denial of his “Motion to Correct Illegal Disposition.” For the following reasons, we find that defendant’s appeal is not properly before this Court, and accordingly dismiss this appeal.
Appellate jurisdiction over criminal cases extends only to cases that are triable by a jury. State v. Lyons, 13-180, 13-181, 13-182, 13-183, 13-184, 13-185, 13-186 (La.App. 5 Cir. 10/9/13), 128 So.3d 407, 411 (citing La. Const. Art. 5 § 10; La.C.Cr.P. art. 912.1). “Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury.” Id. (citing La. Const. Art. I § 17; La.C.Cr.P. art. 779).
On April 30, 2014, defendant entered an admission that he committed simple criminal damage to property and theft on March 17, 2014. Defendant was sentenced on May 13, 2014. La. R.S. 14:56B(1) states, “Whoever commits the [.¡crime of simple criminal damage to property where the damage is less than five hundred dollars shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both.” When the of *1097 fense .was committed, La. R.S. 14:67B(3) provided in pertinent part, “When the misappropriation or taking amounts to less than a value of five hundred dollars, the offender shall be imprisoned from not more than six months, or may be fined not more than one thousand dollars, or both.” Because defendant was adjudicated for two misdemeanor offenses not triable by jury, this judgment is not an appealable judgment. See La.C.Cr.P. art. 779B; State v. Flowers, 11-376 (La.App. 5 Cir. 12/13/11), 81 So.3d 910. Pursuant to La. C.Cr.P. art. 912.1C(1), an application for a writ of review is the proper mechanism for seeking judicial review of an adjudication on an offense not triable by jury. See Flowers, supra; La. Const. Art. V § 10.
To the extent defendant is seeking review of the revocation of his probation, the revocation of a defendant’s probation is also subject to review in the appellate court by an application for supervisory writ.
Accordingly, we dismiss this appeal and reserve defendant’s right to file a proper application for supervisory writ, in compliance with U.R.C.A. 4-3, within thirty days from the date of this, opinion. Further, we hereby construe defendant’s notice of appeal as a notice of intent to seek a supervisory writ, so defendant is not required to file a notice of intent or to obtain an order setting a return date pursuant to U.R.C.A. 4-3.
APPEAL DISMISSED.