SAVOIE, Judge.
This court, ex proprio motu, issued a show cause order as to why this appeal should not be dismissed due to lack of appellate jurisdiction.
On August 31, 1978, appellant, Gary Be-noit, pled guilty to a charge of distribution of phencyclidine in violation of Louisiana R.S. 40:968. After waiver of the statutory delay, appellant was sentenced to ten years at hard labor. Thereafter, on April 11, 1983, appellant filed an “Application for Post-Conviction Relief” and a “Motion for Review and Correction of an Illegal Sentence.” On August 23, 1983, the trial judge rendered judgment, following an evi-dentiary hearing, denying both the application and motion. Appellant appeals this judgment. However, this judgment is non-appealable.
As to that portion of the judgment dismissing appellant’s “Application for Post-Conviction Relief,” La.C.Cr.P. art. 930.6 provides that no appeal lies therefrom. The proper procedure therefor is by application for supervisory writs. L.S.A.C.Cr.P. art. 930.6.
As to the portion of the judgment denying appellant’s “Motion for Review and Correction of an Illegal Sentence,” we recognize that this is not a final judgment. For this reason, it is not appealable. La.C. Cr.P. art. 912. Again, appellant’s proper remedy for raising any error relating to the ruling on the motion is by application for supervisory writs. L.S.A.-C.Cr.P. art. 912.-1(C).[1]
*923 Appellant’s argument that this matter is appealable under C.Cr.P. art. 912.1(B)[2] is without merit. While it is true that appellant was entitled to a jury trial on the charge for which he was convicted, he was not entitled to a jury trial on his application and motion. See La. Const, of 1974, Art. 1, § 17. Appellant is under the misapprehension that he has taken an appeal of the sentence imposed on him. While it is true that appellant could apply for a delayed appeal and, if granted, raise any issues as to his sentence therein, he has not done so herein.
Although appellant does not have the right of appeal herein, under the Supreme Court’s recent ruling in State v. Banks, 444 So.2d 1243 (La.1984), we will treat defendant’s timely appeal as an application for a writ of review. In accordance therewith, we assign the following number KW(A)83 1235. Further, we grant said writ application for the limited purpose of transferring same to the Supreme Court under La. Const.1974, Art. 5, § 5(E).[3]
APPEAL CONVERTED TO WRIT NO. KW(A) 83 1235.
APPEAL DISMISSED.
WRIT GRANTED SOLELY FOR THE PURPOSE OF TRANSFERRING SAME TO THE SUPREME COURT.

. L.S.A.-C.Cr.P. art. 912.1(C) provides, in pertinent part, that in all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for writ of review.

. L.S.A.-C.Cr.P. art. 912.1(B) provides, in pertinent part, that the defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury.