J^CHEHARDY, Judge.
Defendant is before us on second appeal. On October 2, 2000, defendant was convicted of one count of possession of over 400 grams of cocaine, one count of attempted possession of over 400 grams of cocaine and carrying an illegal weapon by a convicted felon. Defendant was sentenced to forty years imprisonment and fined $250,000 for possession of cocaine; twenty years imprisonment at hard labor and fined $125,000 for attempted possession of cocaine; and fifteen years at hard labor for possession of a firearm by a felon, with the sentences to be served consecutively.
After a hearing, the trial judge found that the defendant was a habitual offender, vacated his original sentence of forty years imprisonment at hard labor and fine of $250,000.00 for possession of cocaine, and sentenced him to life in prison, without benefit of parole, probation, or suspension of sentence. Defendant filed a timely motion for appeal.
On appeal, this Court affirmed his convictions and sentences for attempted possession of over 400 grams of cocaine and felon in possession of a firearm. State v. Decay, 01-192 (La.App. 5 Cir. 9/13/01), 798 So.2d 1057, writ denied, 01-2724 (La.8/30/02), 823 So.2d 939. Because two Judges on this Court found that |.<¡the record was unclear as to the number of previous felony convictions the State proved at defendant’s multiple offender hearing, his enhanced sentence was vacated and the case was remanded for resentencing. Id. at 1078.
On April 19, 2002, the defendant appeared before the trial judge for resen-tencing. That day, the trial judge determined that the defendant was a third felony offender, vacated the defendant’s original sentence for possession of cocaine, and imposed an enhanced sentence of life imprisonment without probation, parole, and suspension of sentence, to run consecutively with the other two sentences. Defendant orally objected to the sentence.
On appeal, defendant’s sole assignment of error is that his life sentence is excessive and constitutes cruel and unusual punishment. He contends that he is not the worst offender nor is this the worst offense. Additionally, he alleges he received the maximum sentence and there were not *461 sufficient aggravating circumstances to warrant such a sentence. Interestingly, his arguments in this appeal duplicate those in the fourth assignment of error of his first appeal. We note, that, as in his first appeal, defendant failed to file a written motion to reconsider sentence.
In our opinion on defendant’s first appeal, we stated:
In his fourth assignment of error, the defendant contends that the trial judge erred in denying his motion to reconsider a constitutionally excessive sentence because he did not adequately consider the guidelines set forth in La.C.Cr.P. art. 894.1 in particularizing his life sentence. He argues that the maximum sentence was unwarranted in his case because he is not the worst type of offender and his was not the most serious offense.
The State responds that, although the defendant filed a motion to reconsider his underlying sentence, he did not file a motion to reconsider his enhanced sentence. The State also points out that, after finding that the defendant was a third felony habitual offender, the trial judge imposed the minimum mandatory sentence, not the maximum sentence. The State notes that the defendant did not present evidence at the habitual offender sentencing hearing to rebut the presumption of constitutionality 14of the minimum prison sentence mandated by La. R.S. 15:529.1.
The record reflects that the defendant failed to file a motion to reconsider his enhanced sentence, but he did verbally object when it was imposed.
La.C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within 30 days of sentencing, but requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La.App. 5 Cir.3/15/95), 653 So.2d 642, 646. In Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with Article 881.1 precludes even a claim of constitutional excessiveness. However, in similar circumstances, this Court has considered the issue of whether the sentence was constitutionally excessive. State v. Tribbit, 00-153 (La.App. 5 Cir.8/29/00); 767 So.2d 901, 903; State v. Stec, 99-633 (La.App. 5 Cir.11/30/99), 749 So.2d 784, 789; State v. Richmond, 98-1015 (La.App. 5 Cir.3/10/99), 734 So.2d 33, 38.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const.Amend. 8 La. Const. of 1974, Art. I, Sect. 20. Richmond, 734 So.2d at 38. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id.; State v. Lobato, 603 So.2d 739, 751 (La.1992). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. However, the sentence will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits. Richmond, 734 So.2d at 38. The trial judge is afforded wide discretion in determining a sentence and, if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. La.C.Cr.P. art. *462 881.4(D); Richmond, 734 So.2d at 38. Furthermore, a sentence may be reviewed for excessiveness even though it is within statutory range. Id.
La. R.S. 15:529.1(A)(l)(b)(ii) provides that:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person |Bshall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Here, the trial judge found that the defendant was a habitual felony offender with an underlying felony drug offense and sentenced him as a third felony offender under La. R.S. 15:529.1(A)(1)(b)(ii). Further, the Louisiana Supreme Court has repeatedly upheld the constitutionality of Louisiana’s Habitual Offender Law. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Dorthey, 623 So.2d 1276 (La.1993). Nonetheless, the courts have the power to declare a sentence excessive under Article I, § 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature. State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339, 342; Johnson, 709 So.2d at 676.
In Johnson, the Court established guidelines on downward departures from the minimum sentence mandated by the Habitual Offender Law:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.
Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant’s record of non-violent offenses may play a role in a sentencing judge’s determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.
Instead, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id. at 676, 677. (Citations omitted).
In affirming the defendant’s conviction and mandatory sentence in Lindsey, the Louisiana Supreme noted:
In fact, he is exactly the type of offender that the Habitual Offender Statute intends to punish so severely. I fjie is sentenced to life imprisonment because he continues to commit felony after felony. The fact that his last felony was the only violent crime against a person is not an “unusual circumstance” that would support a downward departure. A person with three prior non-violent felony convictions who then proceeds to commit a felony involving violence against a person has shown that his criminal conduct is becoming worse. The *463 goals of the Habitual Offender Statute, to deter and punish recidivism, are satisfied by imposing a life sentence against such a person.
Lindsey, 770 So.2d at 344.
At the sentencing hearing, the defendant did not argue for downward departure from the mandatory minimum sentence in his case. He did not present any evidence, much less clear and convincing evidence, sufficient to rebut the presumption that the mandatory minimum sentence mandated by the legislature is constitutional. In addition, the defendant was found to be a habitual felony offender with an underlying felony drug conviction. According to Lindsey, the defendant in this case is “exactly the type of offender that the Habitual Offender Statute intends to punish so severely.”
While the defendant claims that he was not the worst type of offender and his was not the worst type of offense, the State read his rap sheet entailing nine prior felony convictions at the defendant’s original sentencing. At that time, the trial judge stated:
Mr. Decay, stand up.
I have listened to your rap sheet, Mr. Decay, and I’ve also presided over the trial in which you were found guilty on these three counts. I’m particularly aware of the fact that you were convicted in Judge Sullivan’s court of the conspiracy to commit a bribe of a public official, namely a D.A. investigator. That, to me, is as serious as your other offenses, because with that conviction, it established that you tried to subvert and destroy the confidence of the criminal justice system, the D.A.’s office, the Judiciary, and all other aspects of the system. I find that most grievous ...
Consequently, we find no merit in the defendant’s assertion that he is not the type of offender that should be given the minimum mandatory sentence. Furthermore, he failed to produce any evidence that would rebut the presumption of constitutionality of the minimum sentence as required by State v. Johnson, 709 So.2d at 676. Finally, although the defendant 17complains that the trial judge failed to articulate reasons for sentence, it was unnecessary for the trial judge to do so because this sentence was mandatory. State v. Windham, 99-637 (La.App. 5 Cir.11/30/99), 748 So.2d 1220, 1224 (citing State v. Haynes, 98-588 (La.App. 5 Cir.2/23/99), 729 So.2d 104, 109). Thus, we find that the trial court did not abuse its wide discretion in imposing the mandatory minimum sentence on the defendant and, further, we find that the sentence was not excessive.
Decay, 798 So.2d at 1075-1077.
We adopt the reasoning set forth in our first opinion and find, here as we did previously, that the minimum mandatory sentence imposed was not excessive. For a second time, we conclude that defendant’s assignment of error lacks merit.
Finally, we have reviewed the record on remand for errors patent and found none that require remand. Defendant’s enhanced sentenced is affirmed.

AFFIRMED.