JUDE G. GRAVOIS, Judge.
| ¡^Defendant, Brandon M. Lee, appeals the denial of his Motion to Correct an Illegal Sentence. For the following reasons, we dismiss this appeal, but grant defendant thirty days from the date of this opinion within which to file a writ application to this Court seeking review of the denial of his Motion to Correct an Illegal Sentence under this Court’s supervisory jurisdiction.

FACTS AND PROCEDURAL BACKGROUND

The record shows that on September 17, 2009, defendant pleaded guilty to three charges: aggravated flight from an officer, a violation of LSA-R.S. 14:108.1(0; possession of a firearm by a convicted felon (defendant previously having been convicted of the crime of second offense possession of marijuana), a violation of LSA-R.S. 14:95.1; and resisting a police officer with the use of violence or threats of violence, a violation of LSA-R.S. 14:108.2. Defendant was duly sentenced on these charges. On November 12, 2009, the State filed a multiple offender bill of information against defendant, alleging him to be a second felony |soffender. On that same day, defendant pleaded guilty to the multiple bill and was resentenced accordingly. On November 30, 2009, defendant’s commitment was amended.
On February 25, 2011, defendant filed an Application for Post-Conviction Relief, alleging that his guilty plea and conviction was improperly obtained because his counsel provided ineffective assistance, and also because he was not properly “Boykinized” at his “sentencing hearing(s) and denied due process of law.” On March 17, 2011, the trial court denied defendant’s Application for Post-Conviction Relief.
On April 15, 2011, defendant filed a Motion and Order to Correct an Illegal Sentence. This Motion was apparently denied by the trial court following a hearing held on July 7, 2011. Thereafter, on July 18, 2011, counsel for defendant filed a “Motion to Appeal Conviction and Sentence,” which was granted by the trial court on July 27, 2011.
Following the lodging of the appeal in this Court and the filing of defendant’s brief, the State filed a “Motion to Dismiss the Appeal,” asserting a jurisdictional defect in that no appeal lies from a ruling on *723 a motion to correct an illegal sentence. This Court referred the State’s Motion to Dismiss to the panel assigned to hear the merits of the appeal.

ANALYSIS

A ruling denying a motion to correct an illegal sentence is not reviewable by this Court under its appellate jurisdiction. LSA-C.Cr.P. art. 912; State v. Hutchinson, 99-0034, 764 So.2d 1139 (La.App. 4 Cir. 5/17/2000); State v. Benoit, 446 So.2d 921 (La.App. 1 Cir.1984), writ denied, 448 So.2d 113 (La.1984).
14Pefendant’s Motion to Appeal his conviction and sentence filed on July 18, 2011, following the denial of his Motion to Correct an Illegal Sentence, was improperly granted. The denial of a motion to correct an illegal sentence is not an appealable judgment; the avenue of review thereof is by way of a writ application. Hutchinson, supra. Further, the appeal delays for defendant’s conviction and sentence in 2009 had long since expired under LSA-C.Cr.P. art. 914 by the time defendant filed his Motion to Appeal his conviction and sentence on July 18, 2011. After appeal delays have expired, defendant no longer had an appeal of his conviction and sentence of right. Thus, if defendant wished to appeal his conviction and sentence, his remedy was to file an application for post-conviction relief requesting an out-of-time appeal pursuant to State v. Counterman, 475 So.2d 336 (La.1985), within the time delays provided by LSA-C.Cr.P. art. 930.8. Defendant’s Motion to Appeal filed on July 18, 2011 without following the requirements of Counterman is legally insufficient to effect an appeal of defendant’s 2009 conviction and sentence.

CONCLUSION

For the foregoing reasons, we hereby dismiss this appeal. Defendant is hereby granted thirty days from the date of this opinion within which to file a writ application to this Court seeking review of the denial of his Motion to Correct an Illegal Sentence under this Court’s supervisory jurisdiction.

APPEAL DISMISSED