ROBERT M. MURPHY, Judge.
| ^Defendant, Shawn Toussaint, appeals the denial of his motion to correct illegal sentence and request for resentencing. For the following reasons, we dismiss the appeal and grant defendant thirty days from the date of this opinion within which to file a writ application to this Court seeking review of the denial of his motion to correct illegal sentence and request for *901 resentencing under this Court’s supervisory jurisdiction.
FACTS AND PROCEDURAL BACKGROUND
This is defendant’s second appeal. The record shows that on July 3, 1997, defendant was indicted for committing second degree murder in violation of La. R.S. 14:30.1. After a trial on the merits, a twelve-person jury found defendant guilty as charged by a vote of eleven to one on January 16,1998.
On March 25, 1998, defendant filed a motion in arrest of judgment and alternatively motion for new trial, which was denied on the same date. After waiving delays for sentencing, defendant was sentenced on that same date to life laimprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant subsequently filed his first appeal, wherein this Court affirmed defendant’s conviction of second degree murder in violation of La. R.S. 14:30.1. See State v. Toussaint, 98-1214 (La.App. 5 Cir. 05/19/99), 734 So.2d 961, writ denied, 99-1789 (La.11/24/99), 750 So.2d 980.
On July 26, 2012, defendant filed a motion to correct illegal sentence and request for resentencing, alleging that he is entitled to resentencing under Miller v. Alabama, - U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). On December 4, 2012, the trial court signed an ex parte order finding that defendant’s sentence “is illegal and must be vacated,” and setting his re-sentencing hearing for January 17, 2013. Several days later, on December 10, 2012, the trial court signed an order stating that “petitioner must be re-sentenced” on January 17, 2013, but did not vacate defendant’s sentence.[1] However, the hearing for the motion to correct illegal sentence was not held until March 7, 2013, wherein the trial court granted defendant’s motion and re-set the matter for a resentencing hearing. On January 13, 2014, the trial court held a hearing and denied defendant’s request for resentencing. Defendant’s second appeal now follows.
LAW AND ANALYSIS
This Court and other appellate courts have held that the denial of a motion to correct an illegal sentence is not a final judgment, and therefore, it is not an appealable judgment. La.C.Cr.P. art. 912; State v. Lee, 11-1128 (La.App. 5 Cir. 7/31/12), 99 So.3d 721, 723;[2] State v. Hutchinson, 99-0034, 99-0035 (La.App. 4 Cir. 5/17/00), 764 So.2d 1139, 1140-41; State v. Benoit, 446 So.2d 921, 922-23 |4(La.App. 1 Cir.1984), writ denied, 448 So.2d 113 (La.1984). Rather, the appropriate avenue of review of a motion to correct an illegal sentence is by way of a supervisory writ application.[3] State v. Schwartz, 12-183 (La.App. 5 Cir. 10/16/12), 102 So.3d 991, 993.
Accordingly, we hereby dismiss this appeal and grant defendant thirty days from *902 the date of this opinion within which to file a writ application to this Court seeking review of the denial of his motion to correct illegal sentence and request for resen-tencing under this Court’s supervisory jurisdiction.
APPEAL DISMISSED.

. In light of this Court’s lack of jurisdiction to hear this appeal, we pretermit any discussion of the discrepancy between the trial court’s December 4, 2012 order and its December 10, 2012 order, wherein it vacated defendant’s sentence in the former but not in the latter.

. In Lee, this Court dismissed the defendant's appeal of the denial of his motion to correct an illegal sentence, granting him thirty days from the date of the opinion to file a writ to this Court seeking review under this Court’s supervisory jurisdiction. Lee, supra at 723.

. In the past, this Court has converted improperly filed appeals into applications for supervisory writs. See State v. Tate, 09-619 (La.App. 5 Cir. 2/9/10), 33 So.3d 292. However, on May 23, 2014, this Court, at an en banc meeting, adopted a policy to discontinue converting jurisdictionally defective appeals into writ applications.