ROBERT A. CHAISSON, Judge.
| ¡.Defendant, Phillip Smith, appeals the denial of his motion to correct an illegal sentence. For the reasons that follow, we dismiss this appeal, but grant defendant thirty days from the date of this opinion within which to file a writ application to this Court seeking review of the denial of his motion to correct an illegal sentence under this Court’s supervisory jurisdiction.

PROCEDURAL HISTORY

Following a jury trial, defendant was convicted of second degree murder and was thereafter sentenced to the mandatory term of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:30.1. On April 15, 1998, this Court affirmed defendant’s conviction and sentence. See State v. Smith, 97-1075 (La.App. 5 Cir. 04/15/98), 710 So.2d 1187.
On April 1, 2013, defendant filed a “Motion and Order to Correct Illegal Sentence Pursuant to La.C.Cr.P. Article 882 and Request for Resentencing.” In his motion, defendant alleged that his mandatory life sentence was illegal, in light |sof the United States Supreme Court case of Miller v. Alabama, - U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), because he was a juvenile at the time of the offense. On June 4, 2013, the trial court signed an order for defendant to appear in court on August 8, 2013, for “consideration of re-sentencing.” After several continuances, the court considered and denied defendant’s motion to correct an illegal sentence on January 16, 2014, concluding that “[bjased upon the Supreme Court’s ruling the defendant is not entitled to the relief he is seeking ...” Defendant now appeals the trial court’s denial of his motion to correct an illegal sentence.

LAW AND ANALYSIS

A ruling denying a motion to correct an illegal sentence is not reviewable by this Court under its appellate jurisdiction. LSA-C.Cr.P. art. 912; State v. Lee, 11- *903 1128 (La.App. 5 Cir. 7/31/12), 99 So.3d 721, 723; State v. Hutchinson, 99-0034, 99-0035 (La.App. 4 Cir. 5/17/00), 764 So.2d 1139, 1140-41; State v. Benoit, 446 So.2d 921, 922-23 (La.App. 1 Cir.1984), writ denied, 448 So.2d 113 (La.1984). The appropriate avenue of review thereof is by way of a supervisory writ application.[1] See State v. Schwartz, 12-183 (La.App. 5 Cir. 10/16/12), 102 So.3d 991, 993. Accordingly, we hereby dismiss this appeal. However, we grant defendant thirty days from the date of this opinion within which to file a writ application to this Court seeking review of the denial of his motion to correct an illegal sentence under this Court’s supervisory jurisdiction.

APPEAL DISMISSED.

. In the past, this Court has converted improperly filed appeals into applications for supervisory writs. See State v. Tate, 09-619 (La.App. 5 Cir. 2/9/10), 33 So.3d 292. However, on May 23, 2014, this Court, at an en banc meeting, adopted a policy to discontinue converting jurisdictionally defective appeals into writ applications.