CHEHARDY, C.J.
In this case, defendant, Kirk Bell, challenges the trial court's denial of his motion to correct illegal sentence. For the reasons that follow, we dismiss this matter for lack of appellate jurisdiction.
Procedural History
Following a jury trial, defendant was convicted of possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A) ; thereafter, the trial judge sentenced defendant to fifteen years imprisonment at hard labor with credit for time served. Subsequently, the State alleged and proved that defendant was a third felony offender; thereafter, the trial judge adjudicated defendant a third felony offender, vacated defendant's underlying sentence, and imposed an enhanced sentence of life imprisonment without benefit of probation, parole, or suspension of sentence, pursuant to La. R.S. 15:529.1. On appeal, this Court affirmed defendant's conviction and sentence. See State v. Bell , 97-1134 (La. App. 5 Cir. 2/25/98), 709 So.2d 921, 922.
On April 10, 2018, defendant filed a "Motion to Correct Illegal Sentence/Motion Requesting Retroactive Application of Recently Enacted LSA-R.S. 15:308(B)." In his motion, defendant alleged that his mandatory life sentence was illegal as the Louisiana Legislature's 2006 ameliorative changes to La. R.S. 15:308 suggest that the mandatory life sentence imposed on defendant as a third felony offender in 1997 is illegally harsh. Specifically, defendant contended that his two prior offenses did not trigger the mandatory life sentence provision.
On May 8, 2018, the trial judge found that defendant was entitled to re-sentencing under the Louisiana Supreme Court's recent pronouncement in State ex rel. Esteen v. State of Louisiana , 16-949 (La. 1/30/18), 239 So.3d 233. The State vigorously opposed re-sentencing on the grounds that defendant's two predicate convictions of armed robbery and simple burglary mandated a sentence of life imprisonment without parole under La. R.S. 15:529.l(A)(l)(b)(ii). On July 2, 2018, the trial judge vacated its previous grant of defendant's motion to correct illegal sentencing and denied his motion. Defendant now appeals the trial court's denial of his motion to correct an illegal sentence.
*499 Law and Analysis
La. Const. Art. V, § 10 states that the appellate jurisdiction of the courts of appeal extends to "all criminal cases triable by a jury [except capital cases]" and its supervisory jurisdiction exists "over cases which arise within its circuit [not otherwise provided by law]." See also , La. C.Cr.P. art. 912.1(B)(1) ; La. C.Cr.P. art. 912.1(C)(1). A ruling denying a motion to correct an illegal sentence is not reviewable by this Court under its appellate jurisdiction. La. C.Cr.P. art. 912.1(C) ; State v. Smith , 14-359 (La. App. 5 Cir. 10/29/14), 164 So.3d 902 ; State v. Lee , 11-1128 (La. App. 5 Cir. 7/31/12), 99 So.3d 721, 723. The appropriate avenue of review thereof is by way of a supervisory writ application. See State v. Schwartz , 12-183 (La. App. 5 Cir. 10/16/12), 102 So.3d 991, 993.
Accordingly, we dismiss the present appeal. See State v. Suthon , 99-661 (La.App. 5 Cir. 10/29/99), 746 So.2d 240, 242. We reserve, however, defendant's right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within thirty days from the date of this decision. Further, we hereby construe defendant's motion for appeal as a notice of intent to seek a supervisory writ so defendant is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3.
APPEAL DISMISSED.