GRAVOIS, J.
*579 In this, defendant Rene J. Decay's third appeal, he argues that his life sentence as a third-felony offender is unconstitutionally excessive and contends that the trial court erred in denying his motion to correct an illegal sentence and request for resentencing. For the following reasons, we dismiss this appeal and grant defendant thirty days from the date of this opinion to file a writ application with this Court seeking review of the denial of his motion to correct an illegal sentence and request for resentencing.
PROCEDURAL HISTORY
On October 2, 2000, defendant was convicted of possession of over 400 grams of cocaine (count two), attempted possession of over 400 grams of cocaine (count ten), and possession of a firearm by a convicted felon (count three). Defendant was thereupon sentenced to forty years imprisonment at hard labor and fined $ 250,000 for the possession of cocaine conviction (count two); twenty years imprisonment at hard labor and fined $ 125,000 for the attempted possession of cocaine conviction (count ten); and fifteen years imprisonment at hard labor for the possession of a firearm by a convicted felon conviction (count three); with the sentences to be served consecutively. After a hearing, the trial judge found that defendant was a habitual offender, vacated his original sentence of forty years imprisonment at hard labor and fine of $ 250,000 for the possession of cocaine conviction (count two), and resentenced defendant under the habitual offender bill statute to life in prison, without the benefit of parole, probation, or suspension of sentence. See State v. Decay , 02-705 (La. App. 5 Cir. 11/26/02), 833 So.2d 459, 460.
In his first appeal, defendant argued that the trial court erred in denying his motion to suppress the evidence, conducting hearings outside of his and his attorney's presence, allowing a trooper to testify as to his opinions regarding matters that required expertise, and imposing a life sentence that was unconstitutionally excessive. See State v. Decay , 01-192 (La. App. 5 Cir. 9/13/01), 798 So.2d 1057, 1065, writ denied , 01-2724 (La. 8/30/02), 823 So.2d 939. This Court affirmed defendant's convictions and his sentences for attempted possession of over 400 grams of cocaine and possession of a firearm by a convicted felon. See State v. Decay , 798 So.2d at 1078. Because the majority of the panel of this Court reviewing defendant's appeal found that the record was unclear as to the number of previous felony convictions the State proved at defendant's habitual offender hearing, defendant's enhanced sentence was vacated and the case was remanded for resentencing. Id.
On April 19, 2002, defendant appeared before the trial judge for resentencing. That day, the trial judge determined that defendant was a third-felony offender, vacated defendant's original sentence for possession of cocaine, and imposed an enhanced sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence, to run consecutively with the other two sentences. Defendant orally objected to the sentence. See State v. Decay , 833 So.2d at 460.
In his second appeal, defendant's sole assignment of error was that his life sentence was excessive and constituted cruel and unusual punishment. This Court affirmed defendant's enhanced sentence, *580 finding that his mandatory minimum life sentence was not excessive. See State v. Decay , 833 So.2d at 463.
On May 8, 2018, defendant filed a pro se motion to correct an illegal sentence. On August 16, 2018, the trial court denied defendant's motion to correct an illegal sentence on counts two and three and granted the motion to correct an illegal sentence on count ten (attempted possession of over 400 grams of cocaine) after a hearing. As to count ten, the trial court resentenced defendant to imprisonment at hard labor for ten years, and ordered the sentences on counts two, three, and ten to run consecutively to each other.[1]
On September 5, 2018, defendant filed a pro se notice of intent to seek supervisory review of the trial court's denial of his motion to correct an illegal sentence. On September 6, 2018, defense counsel filed a motion for reconsideration of sentence. On September 12, 2018, defense counsel filed a motion for an appeal that was granted. On September 20, 2018, the trial court denied the motion for reconsideration of sentence.[2] This appeal followed.
LAW AND ANALYSIS
On appeal, defendant argues that his life sentence as a third-felony offender is unconstitutionally excessive.[3] He contends that the trial court erred in denying his motion to correct an illegal sentence and request for resentencing.
A ruling denying a motion to correct an illegal sentence is not reviewable by this Court under its appellate jurisdiction. La. C.Cr.P. art. 912 ; State v. Smith , 14-359 (La. App. 5 Cir. 10/29/14), 164 So.3d 902 ; State v. Lee , 11-1128 (La. App. 5 Cir. 7/31/12), 99 So.3d 721, 723 ; State v. Hutchinson , 99-0034, 99-0035 (La. App. 4 Cir. 5/17/00), 764 So.2d 1139, 1140-41 ; State v. Benoit , 446 So.2d 921, 922-23 (La. App. 1st Cir. 1984), writ denied , 448 So.2d 113 (La. 1984). The appropriate avenue of review thereof is by way of a supervisory writ application. See State v. Schwartz , 12-183 (La. App. 5 Cir. 10/16/12), 102 So.3d 991, 993.
Accordingly, based on the foregoing, we dismiss this appeal and grant defendant thirty days from the date of this opinion to file a writ application with this Court seeking review of the denial of his motion to correct an illegal sentence and request for resentencing under this Court's supervisory jurisdiction.
CONCLUSION
For the foregoing reasons, this appeal is dismissed, and defendant is granted thirty days from the date of this opinion to file a writ application with this Court seeking review of the denial of his motion to correct an illegal sentence and request for resentencing under this Court's supervisory jurisdiction.
APPEAL DISMISSED

During the resentencing hearing, the trial judge referred to count two as possession with intent to distribute cocaine over 400 grams; however, as was stated previously, defendant was actually convicted in count two of possession of over 400 grams of cocaine. Also, the trial judge referred to count ten as conspiracy to possess over 400 grams of cocaine; however, as was stated previously, defendant was convicted of attempted possession of over 400 grams of cocaine.

By operation of La. C.Cr.P. art. 916(3), the district court retained jurisdiction to rule on defendant's motion for reconsideration of sentence.

Defendant is only appealing his life sentence and not his resentencing on count ten.