STATE OF LOUISIANA

VERSUS

GLEN STYLES

NO. 21-KA-41

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 95-2328, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

November 17, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**CONVICTIONS AND SENTENCES AFFIRMED;**
**MOTION TO WITHDRAW GRANTED;**
**REMANDED WITH INSTRUCTIONS;**
**REMANDED FOR CORRECTION OF**
**THE UNIFORM COMMITMENT ORDER**
    **MEJ**
    **RAC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Darren A. Allemand
 Lynn Schiffman

COUNSEL FOR DEFENDANT/APPELLANT,
GLEN STYLES
 Jane L. Beebe

**JOHNSON, J.**

Defendant, Glen Styles, appeals his sentences for aggravated rape and armed robbery from the 24th Judicial District Court, Division "N". For the following reasons, we affirm Defendant's convictions and sentences, and we remand the matter to the trial court with instructions. Furthermore, we grant appellate counsel's motion to withdraw.

## FACTS AND PROCEDURAL HISTORY

This is Defendant's second appeal. This appeal is based on the December 12, 2019 hearing on Defendant's Motion to Correct Illegal Sentence. In Defendant's first appeal, *State v. Styles*, 96-897 (La. App. 5 Cir. 3/25/97); 692 So.2d 1222, this Court set forth the following procedural background[1]:

> The Jefferson Parish Grand Jury returned an indictment on April 27, 1995, charging Glen Styles and Rodney A. Taylor with one count of aggravated rape, LSA–R.S. 14:42,[2] and three counts of armed robbery, LSA–R.S. 14:64.[3] [Footnote 2 added; footnote 3 as found in the original and as designated as footnote 1].
>
> The charges proceeded to trial before a twelve person jury in May, 1996. After considering the evidence presented, the jury found defendant guilty of one count of aggravated rape, LSA–R.S. 14:42, and two counts of armed robbery, LSA–R.S. 14:64. However, as to the remaining count of armed robbery, the jury found defendant not guilty.
>
> On May 28, 1996 defendant filed a motion for new trial and motion for post verdict judgment of acquittal. On June 19, 1996, the court heard and denied these motions. After defendant waived the legal delays, the judge sentenced him as follows:[4] Count 1

---

[1] For a recitation of the underlying facts of the case, see *State v. Styles*, 692 So.2d at 1225-27.

[2] It is noted that in 2015, the Legislature amended the title of La. R.S. 14:42 from "aggravated rape" to "first degree rape." *See* 2015 La. Acts No. 184, § 1. As amended, La. R.S. 14:42(E) provides as follows:

> E. For all purposes, "aggravated rape" and "first degree rape" mean the offense defined by the provisions of this Section and any reference to the crime of aggravated rape is the same as a reference to the crime of first degree rape. Any act in violation of the provisions of this Section committed on or after August 1, 2015, shall be referred to as "first degree rape."

[3] The trial court, on October 30, 1995, granted Defendant's motion to sever, allowing each of the parties to proceed to trial individually. This appeal deals only with Glen Styles. As to co-defendant Taylor, he proceeded to trial and was found guilty of the four counts alleged in the indictment. Following imposition of sentence, he appealed to this Court. On October 1, 1996, this Court affirmed Taylor's convictions and sentences. *State v. Taylor*, 96-300 (La. App. 5 Cir. 10/1/96)(unpublished opinion).

[4] This Court's appellate opinion indicates that, on June 19, 1996, the motion for new trial and the motion for post-verdict judgment of acquittal were denied and that Defendant was sentenced thereafter on

(aggravated rape)—life imprisonment at hard labor without benefit of parole, probation or suspension of sentence; Count two (armed robbery)—ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence, to run concurrently with the sentence imposed in count one; Count four (armed robbery)— ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence, to run consecutively with the sentences imposed in counts one and two. [Footnote added].

Defendant thereafter filed a motion for appeal.

*Id.* at 1225.

On March 25, 1997, this Court affirmed Defendant's convictions and sentences. *Styles*, 692 So.2d at 1222. The Louisiana Supreme Court later denied writs on October 13, 1997. *See*, *State v. Styles*, 97-1069 (La. 10/13/97); 703 So.2d 609.

On April 15, 1999, Defendant filed "Motion for New Trial and Modification of the Unconstitutional Sentence as provided C.Cr.P., Art., 822(B)(2), of Acts 1997," which the trial court denied on June 16, 1999. On September 26, 2000, Defendant filed an Application for Post-Conviction Relief ("APCR") that was denied on October 3, 2000. Defendant filed a writ application with this Court challenging the denial of his APCR, and this Court denied the writ on November 13, 2000. *See Styles v. Cain*, 00-KH-1756 (La. App. 5 Cir. 11/13/00) (unpublished writ disposition). The Louisiana Supreme Court subsequently denied Defendant's writ application on October 12, 2001. *See*, *State ex rel. Styles v. State*, 00-3460 (La. 10/12/01); 799 So.2d 496.

On October 25, 2001, Defendant filed a petition for federal *habeas corpus* relief in the United States District Court for the Eastern District of the State of Louisiana. Defendant later filed a motion to dismiss that petition, which was granted on March 27, 2002, giving him the opportunity to pursue his claims in

---

that same date. *Styles*, 692 So.2d at 1225. However, the transcript reflects that, on June 17, 1996, those motions were denied, and he was subsequently sentenced.

state court regarding a possible *Brady*[5] violation and a request for DNA testing. On June 18, 2003, Defendant filed his second APCR that was denied without prejudice on June 27, 2003, for failure to comply with La. C.Cr.P. art. 926(D).[6]

Defendant filed his third APCR, wherein he requested DNA testing and raised 13 other claims on July 7, 2003. On July 15, 2003, the trial court granted Defendant a hearing regarding his request for DNA testing, ordered the State to file a response to the allegations in "specifications of error one and seven," and denied the issues in numbers "two through thirteen."[7] The trial court denied the APCR on September 15, 2003. On October 3, 2003, the trial court denied Defendant's request for DNA testing following a hearing. Defendant filed a writ application with this Court challenging the rulings of July 15, 2003 and September 15, 2003. On November 25, 2003, this Court granted the writ in part and denied it in part. It was found that six of Defendant's claims were not time barred; the matter was remanded so the trial court could consider them; and the writ application was denied as to the remaining claims.[8] *See*, *State v. Styles*, 03-KH-1209 (La. App. 5 Cir. 11/25/03) (unpublished writ disposition).

Defendant also filed a writ application in this Court seeking supervisory review of the trial court's denial of his request for DNA testing and order for his counsel to pay transcript costs. On December 10, 2003, this Court granted the writ and remanded the matter to the trial court for a hearing to determine whether certain DNA testing requisites had been met. *See*, *State v. Styles*, 03-KH-1285 (La. App. 5 Cir. 12/10/03) (unpublished writ disposition). On June 4, 2004, the trial court ordered tentative DNA testing to determine whether there was any DNA in

---

[5] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[6] La. C.Cr.P. art. 926(D) provides, "The petitioner shall use the uniform application for post conviction relief approved by the Supreme Court of Louisiana. If the petitioner fails to use the uniform application, the court may provide the petitioner with the uniform application and require its use."
[7] The trial court requested both a response from the State as to specification of error seven and denied the issue in number seven.
[8] On February 18, 2016, the trial court denied these claims.

the evidence that was still viable for testing. On July 2, 2004, the trial court ordered the DNA to be tested.

On May 10, 2011, Defendant filed Motion to Correct Illegal Sentence. In his motion, Defendant, who was a juvenile at the time of the offenses,[9] argued that to comply with *Graham*,[10] the trial court had to consider the totality of his sentences and fashion a remedy that provided him with a possibility of release. Therefore, Defendant argued that the trial court should have imposed concurrent sentences of between ten and 25 years for both the rape and robbery charges.

On June 13, 2011, the trial court ordered Defendant to appear in court. On January 19, 2012, the trial court granted Defendant's motion, vacated the sentence on count one (aggravated rape), and resentenced him to life imprisonment at hard labor with "eligibility for parole" based on *Graham*. It also ordered that sentence "to run concurrent with all other sentences." The trial judge did not resentence Defendant on counts two and four, the armed robbery convictions.

On August 20, 2015, Defendant filed Motion for Hearing on Remanded Court of Appeals Decision that was denied on February 18, 2016. Defendant filed a writ application challenging the trial court's ruling, which this Court denied on May 26, 2016. *See*, *Styles v. Cain*, 16-KH-261 (La. App. 5 Cir. 5/26/16) (unpublished writ disposition). On October 27, 2017, the Louisiana Supreme Court denied Defendant's writ application challenging this Court's ruling, finding that he failed to show a *Brady* violation. The supreme court also found that Defendant had fully litigated two APCRs in state court, that his claims had been fully litigated in accord with La. C.Cr.P. art. 930.6, and that, unless he could show that one of the narrow exceptions authorizing the filing of a successive application

---

[9] In the instant case, Defendant's date of birth is December 11, 1977, and the dates of the offense were December 2 and 3, 1994. Therefore, Defendant was 16 years old at the time of the offenses.

[10] *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). In *Graham v. Florida*, the United States Supreme Court held that the Eighth Amendment precluded sentencing a juvenile to life imprisonment without the possibility of parole for commission of a non-homicide offense.

applied, he had exhausted his right to state collateral review. *See*, *Styles v. Cain*, 16-1219 (La. 10/27/17); 228 So.3d 200.

On September 6, 2019, Defendant filed a Motion to Correct Illegal Sentence. In his motion, Defendant argued that pursuant to *Montgomery v. Louisiana*,[11] the trial court's sentence on January 19, 2012, violated the Eighth Amendment's individualized protection announced in *Graham* and its progeny. Defendant explained that in an attempt to reconcile Louisiana's sentencing scheme for juveniles sentenced as adults, the Louisiana Supreme Court interpreted *Graham* as a procedural change and held that the interim application of La. R.S. 15:574.4(A)(2)[12] satisfied *Graham*'s mandate.

In his Motion to Correct Illegal Sentence, Defendant also contended that this provision was not a sentencing penalty but merely an age factor that the parole board must consider in determining whether a prisoner should be given parole. He pointed out that the sentencing penalty for aggravated rape remained unchanged. Defendant asserted that, although *Graham* guaranteed that a child in a non-homicide case receive an individualized sentence, as long as the parole board had the final word on an inmate's parole eligibility, a juvenile like himself could still end up serving a sentence of life without parole. He argued that not only is such a sentence unjust, it is a violation of a juvenile offender's Eighth Amendment right to be free from cruel and unusual punishment. Defendant challenged all three sentences. Defendant also argued that his sentences were still illegal as they were not individualized sentences and did not provide him with a meaningful opportunity for release. He concluded that his unconstitutional sentences had to be

---

[11] *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). In *Montgomery v. Louisiana*, the United States Supreme Court held that *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012) (which held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders), retroactively applied to defendants whose convictions and sentences became final prior to the *Miller* decision in 2012.

[12] La. R.S. 15:574.4 provides the law regarding parole, eligibility, and juvenile offenders.

vacated, and the trial court was required to impose individualized sentences in accordance with the law.[13]

In its response, the State argued that there was no illegality in Defendant's life sentence with parole eligibility for his aggravated rape conviction; however, it said that it was compelled to point out that pursuant to *Morgan*,[14] Defendant may have been entitled to the limited remedy of the deletion of the parole restriction on his two 99-year armed robbery sentences. Nevertheless, the State noted in its response that pursuant to *State v. Brown*,[15] Defendant was not entitled to relief as to the consecutive nature of one of his armed robbery sentences, and nothing in *Morgan* affected his sentence for aggravated rape.

The transcript reflects that at the hearing on the motion to correct illegal sentence on December 12, 2019, the State and the defense submitted on their briefs. Afterward, the trial court denied the motion to correct illegal sentence in part on count one (aggravated rape conviction); granted the motion in part and deleted the restriction on parole eligibility based on *Morgan* on counts two and four (armed robbery convictions); and denied the motion in part with regard to "the consecutive nature of one of the armed robbery sentences." The trial judge stated in pertinent part:

> THE COURT:
>
> So in light of the Motion to Correct Illegal Sentence and it's huh, and correct me if I'm wrong, but this Motion to Correct an Illegal Sentence based on the Sentences given to Mr. Styles for his convictions on one count of aggravated rape and two counts armed robbery. On the aggravated rape, although he was originally sentenced to a sentence without parole eligibility that sentence was

---

[13] *Montgomery* and *Graham*, the cases Defendant relies upon, contains arguments regarding individualized sentences.

[14] *State ex rel. Morgan v. State*, 15-100 (La. 10/19/16); 217 So.3d 266. In *Morgan*, the supreme court held that a 99-year sentence without parole eligibility for a juvenile at the time of the offense was illegal because it did not provide him "with a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."

[15] *State v. Brown*, 12-872 (La. 5/7/13); 118 So.3d 332. In *Brown*, the supreme court found that *Graham*'s holding that the Eighth Amendment's prohibition of cruel and unusual punishment forbids the imposition of life in prison without parole eligibility for juveniles committing non-homicide crimes applies only to sentences of life in prison without parole eligibility and does not apply to a sentence of years without the possibility of parole.

subsequently modified many years ago to allow him parole eligibility on his life sentence, correct?

MR. ALLEMAND:

Correct, Judge.

THE COURT:

So at this point the Court is going to deny the Motion to Correct an Illegal Sentence as it relates to that life imprisonment without parole on the aggravated rape charge. As a matter of fact, the Court doesn't find that a Motion to Correct Illegal Sentence at this point given the time frame that has passed since Mr. Style's sentence to life without parole is even lies [sic] here but nonetheless that motion is denied.

As it relates to the Motion to Correct Illegal Sentence on the two armed robbery convictions for which Mr. Styles was on each count sentenced to ninety-nine years without benefit of probation, parole or proba - - probation, parole or suspension of sentence. The Court is going to grant in part and deny in part the Motion to Correct an Illegal Sentence as it relates to those two sentences.

As it relates to the armed robbery sentences of ninety-nine years without the benefit of parole, based on the Supreme Court, the Louisiana Supreme Court case that was provided by the State in their brief, I think it's *Morgan*, *State versus Ex Rel. Morgan*, wherein the Supreme Court struck down a ninety-nine year sentence without parole on the charge of armed [sic] for an individual who was a juvenile at the time of the offense as Mr. Styles was at the time of these offenses. Finding them to effectively be life sentences without parole which is obviously as we all know, in violation of - - according to the U.S. Supreme Court in violation of the U.S. and Louisiana Constitution, so that having been said the Court at this point re-sentences Mr. Styles on each of the two armed robbery counts to ninety-nine years on each of those counts; however, he is afforded the eligibility of parole. That parole determination is something that is not the purview of this Court. That's up to the parole board obviously, so this Court is making no determination as to whether or not he should in fact be given parole, but the Court does sentence him on each of those two armed [sic] charges to ninety-nine years with the benefit of parole eligibility.

With regard to the second aspect of those armed robbery sentences the consecutive nature of one of the armed robbery sentences, the Court denies the Motion to Correct an Illegal Sentence as it relates to the consecutive nature of that sentence. Those particular sentences and the consecutive nature of those sentences are something that have been in place and reviewed by the appellate courts already and affirmed and they are in this court's opinion shares the opinion of those appellate courts that have already looked at it

[sic].  This Court feels as though those are completely legal sentences as consecutive sentences.

On June 29, 2020, Defendant filed an APCR, arguing that counsel rendered ineffective assistance when he failed to file a notice of appeal after the proceedings on December 12, 2019.  On September 17, 2020, the trial court granted Defendant an out-of-time appeal "pertaining to his re-sentencing of December 12, 2019," and dismissed the APCR and accompanying pleadings without prejudice.

## ASSIGNMENT OF ERROR

Defendant seeks review of his convictions and sentences in conformity with the procedures outlined in *State v. Jyles*, 96-2669 (La. 12/12/97); 704 So.2d 241 (*per curiam*).

## LAW AND ANALYSIS

*Anders* Brief

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110-11,[16] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.  Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Jyles*, *supra*, appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[17]  The request must "be accompanied by 'a brief referring to anything in the record that might arguably

---

[16] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-0981 (La. 4/28/95); 653 So.2d 1176, 1177 (*per curiam*).

[17]  The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).

In *Jyles*, *supra* at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

In the instant matter, Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal. Counsel

states that on January 19, 2012, Defendant was resentenced in accordance with

*Graham* and given the benefit of parole eligibility on his life sentence for

aggravated rape. She also states that the subject of the instant appeal is the trial

court's denial in part on December 12, 2019, of Defendant's second Motion to

Correct Illegal Sentence based on *Montgomery v. Louisiana*. Counsel asserts that

the defense had argued that under new legislation and case law, Defendant's prior

"life sentence" for aggravated rape, a non-homicide conviction, and two counts of

armed robbery were not individualized even though he had been granted the

possibility of parole in 2012 for his life sentence. She further asserts that on

December 12, 2019, the trial court granted in part and denied in part the defense

motion. Counsel notes that the trial court agreed that the sentence on one of

Defendant's armed robbery convictions was "illegal" and granted him the

possibility of parole on that count.[18]

Counsel points out that there were no other motions at issue that were heard

and transcribed that would provide sufficient facts and circumstances surrounding

this appeal. She contends that, as is plainly shown in the record, the partial denial

of the motion to correct an illegal sentence is the only issue to be reviewed.[19]

---

[18] It is noted that the trial court actually corrected both armed robbery sentences to add the benefit of parole eligibility.

[19] Defendant bases the instant appeal on the December 12, 2019 denial in part of his Motion to Correct Illegal Sentence. Nevertheless, this Court has held that the denial of a motion to correct an illegal sentence is not a final judgment, and therefore, it is not an appealable judgment. *See*, *State v. Lee*, 11-1128 (La. App. 5 Cir. 7/31/12); 99 So.3d 721, 723; *see also*, La. C.Cr.P. art. 912. Rather, the appropriate avenue of review of such a ruling is by way of a supervisory writ application. *State v. Schwartz*, 12-183 (La. App. 5 Cir. 10/16/12); 102 So.3d 991, 993.

In granting the Motion to Correct Illegal Sentence in part, the trial court corrected the sentences on the two armed robbery convictions (counts two and four), stating, "[T]he Court at this point re-sentences Mr. Styles on each of the two armed robbery counts to ninety-nine years on each of those counts; however, he is afforded the eligibility of parole." The trial judge, in effect, deleted the restriction on parole eligibility.

We find that the trial court's judgment triggered an appeal only with respect to the trial court's deletion of the parole restrictions on the two armed robbery sentences. We further find that the instant case is distinguishable from *State v. Garland*, 18-584 (La. App. 5 Cir. 4/3/19); 268 So.3d 1176. In *Garland*, the trial court corrected a ministerial mistake it made when sentencing the defendant under the manslaughter statute. However, in the instant case, the trial court corrected Defendant's two armed robbery sentences following *State ex rel. Morgan v. State*, 15-100 (La. 10/19/16); 217 So.3d 266, which changed the law regarding parole eligibility for juveniles. In *Morgan*, the supreme court held that a 99-year sentence without parole eligibility for a juvenile at the time of the offense was illegal because it did not provide him "with a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."

Counsel maintains that defense counsel filed a motion to correct an illegal sentence based on *Montgomery v. Louisiana*, and La. R.S. 15:574.4(A)(2), and notes that this Court upheld his convictions and sentences in his original appeal. She also maintains that Defendant filed an APCR asking for an out-of-time appeal that was granted.

This Court has performed an independent, thorough review of the appellate record. Our review supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal with respect to the proceedings held on December 12, 2019. Our review shows that the correction of the sentences on counts two and four on that date was in accordance with the law. *See*, *Morgan*, *supra*. However, we have found errors patent regarding those sentences.

There are inconsistencies among the transcript, the sentencing minute entry, and the uniform commitment order (UCO). The sentencing minute entry dated December 12, 2019 reflects that, "The Motion to Correct Illegal Sentence is GRANTED in part to amend the sentence on count 2 to be served with the benefit of parole. The Motion to Correct Illegal Sentence is DENIED in part as to the sentence on count 4 is to remain consecutive to counts 1 and 2 [sic]." The sentencing minute entry does not reflect that the trial court also corrected the sentence on count four to be served with the benefit of parole eligibility; however, the UCO indicates that counts two and four have no restrictions on benefits.

Additionally, the sentencing minute entry and the UCO do not reflect that the sentence on count four should run consecutively with the concurrent sentences on counts one and two. Although the trial court did not change the nature of the consecutive sentence on December 12, 2019, we order the trial court to clarify the

sentencing minute entry and the UCO to reflect the correct sentences.[20] The transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

Accordingly, we remand the matter to the trial court and order it to correct the sentencing minute entry to conform to the transcript to reflect that Defendant's armed robbery sentence on count four is also to be served with parole eligibility. We also order the trial court to correct the sentencing minute entry and the UCO to reflect that the sentence on count four should run consecutively with the concurrent sentences on counts one and two. We further instruct the Clerk of Court for the 24th Judicial District Court to transmit the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2), and to the Department of Corrections' legal department. *See State v. Blunt*, 20-171 (La. App. 5 Cir. 11/18/20); 307 So.3d 384, 395.

## DECREE

For the foregoing reasons, we affirm Defendant's convictions and sentences. We grant appellate counsel's motion to withdraw. We also remand this matter to the trial court with instructions in conformity with this opinion.

**CONVICTIONS AND SENTENCES AFFIRMED;
MOTION TO WITHDRAW GRANTED;
REMANDED WITH INSTRUCTIONS;
REMANDED FOR CORRECTION OF
THE UNIFORM COMMITMENT ORDER**

---

[20] At the original sentencing in 1996, the trial court sentenced Defendant to concurrent sentences on counts one and two with the sentence on count four to be served consecutively to those concurrent sentences. It is noted that the rape and robbery (counts one and two) occurred on the same date with the same victim and that the other robbery (count four) occurred on a different date with a different victim. On January 19, 2012, the trial court resentenced Defendant on count one, after which he ordered the sentence on that count to run concurrently with all other sentences. The trial court did not change the consecutive nature of the sentence on count four. As such, the sentence on count one was concurrent with the sentence on count four and that the sentence on count four was consecutive to the sentence on count one. Nevertheless, because the trial judge did not change the consecutive nature of the sentence on count four on January 19, 2012, the sentence on count four was still being served consecutively to the concurrent sentences on counts one and two. This conclusion is further supported by the proceedings on December 12, 2019. On that date, although the trial court added parole eligibility to the sentences on counts two and four, it refused to change the consecutive nature of the sentence. Further, based on the record, the parties believe that the sentence on count four is being served consecutively to the concurrent sentences on counts one and two.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 17, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 21-KA-41

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      JANE L. BEEBE (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LYNN SCHIFFMAN (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053